# EXHIBIT A

## Non-disclosure, Non-competition, Non-solicitation and Intellectual Property Agreement

This Agreement, made this \_\_4th\_\_ day of \_\_August\_\_, 2020 (the "Effective Date") by and between, **Robin McDaniel** (Employee), residing in (or whose mailing address is) 5900 Candler Ave., Tuscaloosa, AL 35406 and Osmose Utilities Services, Inc., 635 Hwy. 74 South, Peachtree City, GA 30269 (Employer).

**WHEREAS**, Employer is presently engaged directly or through subsidiary and various affiliated corporations in various business activities, consisting generally of asset and data management and related services for utility and telecommunication companies, including without limitation: the inspection and maintenance of poles, steel towers, and pad mount transformers; pole and tower repair and restoration services; pole capacity and structural analysis services; manhole/vault inspection services; joint use and third party attachment services; storm damage services; infrared services; streetlight surveys; right of way vegetation management, data acquisition and mapping services; attachment surveys, network data capture and mapping, data enhancement, integration and migration, and related data, software and support services; and direct product sales related to the above services to electric, telephone and gas line corporations, utilities, municipalities and cooperatives (collectively called "Employer's business"); and

WHEREAS, Employee is employed by Employer and has been trained by Employer to perform important job functions relative to Employer's business and has acquired the knowledge of one or more of the trade secrets and other confidential information of Employer, as more fully described herein.

NOW, THEREFORE, in consideration of Employee's continued employment in the position of **Director Business Development** and/or any other position held within the company and for other good and valuable consideration in hand paid by each of the parties hereto the other, the receipt and sufficiency whereof is hereby acknowledged, the undersigned do consent, covenant and agree as follows:

1.  Employee shall not, without Employer's express written permission, reveal or otherwise make available to any other person any trade secrets or other confidential information concerning the Employer's business. Trade secrets and confidential information shall include, but not be limited to, information concerning the make-up or formulas of Employer's products, Employer's customer lists, costs, pricing information, patterns, compilations, programs, devices, tools, methods, computer data, drawings (engineering or otherwise), techniques or processes that (i) derive an independent economic value, actual or ascertainable by proper means, by other persons who can obtain economic value from this disclosure or use; and (ii) is the subject of efforts of the Employer that are reasonable under the circumstances to maintain its secrecy.

2.  So long as Employee is employed by Employer, Employee will devote Employee's full time and best efforts to the faithful and efficient discharge of those duties assigned to him/her by Employer and will not either directly or indirectly engage in any other business or assist with or be financially interested in any other business in competition with Employer's business, or any part thereof.

## Non-disclosure, Non-competition, Non-solicitation
## and Intellectual Property Agreement

3. During the period of two (2) years immediately following the expiration or termination of Employee's employment for any reason, Employee will not, either directly or indirectly, assist, engage in or be financially interested in any other business activity similar to or in competition with Employer's business or any part thereof in any state Employee worked for the Employer including but not limited to: Alabama, Georgia

4. During the period beginning on the date of this Agreement and ending two (2) years after the termination or expiration of Employee's employment for any reason, Employee will not, either directly or indirectly, (a) sell or attempt to sell any products or services competitive with Employer's products or services to any customer of Employer with whom Employee had material business dealings at any time during the last two (2) years of Employee's employment with Employer, or (b) suggest, advise or attempt to persuade any such customer to limit or discontinue its business with Employer.

5. Employee acknowledges that he is intimately aware of all facets of Employer's business. This knowledge includes, but is not limited to, trade secrets and confidential information. Employee further acknowledges that he fully understands the non-competition and non-solicitation terms set forth in paragraphs 3 and 4 of this Agreement and agrees that said terms are reasonable, but agrees that, if any court of competent jurisdiction shall hold such restrictions unreasonable as to time, geographic area, activities, or otherwise, such restrictions shall be deemed to be reduced to the extent necessary in the opinion of such court to make them reasonable.

6. Employee agrees that, during Employee's employment with the Employer and for two (2) years following termination of Employee's employment with the Employer, including without limitation termination by the Employer for cause or without cause, Employee shall not, directly or indirectly, solicit or induce or attempt to solicit or induce any Employee, current or future, of the Employer to leave the Employer for any reason whatsoever, or hire any current or future Employee of the Employer. Employee acknowledges that Employee understands this provision and agrees that the same is reasonable.

7. Any breach of the covenants contained in paragraphs 1, 2, 3, 4, 5, 6, and 8 hereof would result in irreparable injury to Employer for which it could not be adequately compensated by money damages, and Employer shall therefore be entitled to an injunction, in addition to, but not in substitution of, all other legal remedies available to Employer, to be issued by any court of competent jurisdiction enjoining and restraining Employee from any violation or further violation of said covenants or any part thereof. If any action at law or in equity is necessary to enforce or interpret any of the rights or obligations under this Agreement, the prevailing party shall be entitled to reasonable attorney's fees, costs and necessary disbursements in addition to any other relief to which the prevailing party may be entitled.

Business Development/Sales

Initial & date *RHM*
SignNow e-signature ID: aa513d44f1.
08/04/2020 46:15 UTC

## Non-disclosure, Non-competition, Non-solicitation and Intellectual Property Agreement

8. Employee agrees that any and all inventions, discoveries or improvements made by Employee during Employee's employment with Employer, and which relate to or are useful to the Employer's business, will be the exclusive property of the Employer and will be regarded as trade secrets or confidential information of the Employer. Employee further agrees, irrespective of whether Employee's employment with the Employer may have terminated, Employee will sign any and all documents necessary or appropriate to evidence such exclusive ownership in Employer, including without limitation, patent applications and such documents as shall be necessary or appropriate to permit the expeditious preparation, filing or prosecution of such patent applications or the issuance of patents thereon. Employee agrees that all work performed by Employee on behalf of Employer is "work made for hire" as defined and used in the Copyright Act of 1976 (17 USC § 1) or any amendment thereto.

9. Employee agrees that, upon termination from the Employer for any reason, including without limitation for cause or without cause, Employee shall return all property of the Employer in Employee's possession to the Employer. The term "all property of the Employer" shall be construed broadly and shall include, without limitation, information concerning the trade secrets and confidential information. Employee agrees to return all property of the Employer in Employee's possession immediately after the effective date of termination, and the Employee agrees that Employee shall not retain any copies of any documents or electronic data, all of which are considered property of the Employer.

10. It is the intention of the parties that the provisions of the restrictive covenants herein shall be enforceable to the fullest extent permissible under applicable law, but that unenforceability (or modification to conform to such law) of any provision or provisions hereof shall not render unenforceable or impair the remainder thereof. If any provision or provisions hereof shall be deemed invalid or unenforceable, either in whole or in part, this Agreement shall be deemed amended to delete or modify, as necessary, the offending provision or provisions and to alter the bounds thereof in order to render it valid and enforceable.

11. This contract constitutes the entire agreement between the parties hereto relative to the subject matter contained herein, and no verbal statements or understandings not reduced to writing and attached hereto shall be binding on either party.

12. The non-competition, non-disclosure and non-solicitation obligations contained herein shall be extended by the length of time during which Employee shall have been in breach of any of said provisions.

13. Employee acknowledges and agrees that the salary and benefits provided to Employee constitutes adequate consideration for Employee's agreement to be bound by the restrictive covenants set forth herein.

14. Employee hereby irrevocably submits to the jurisdiction of the United States District Court for the Northern District of Georgia or the Superior Court of Fayette County,

Business Development/Sales

Initial & date RHM
SignNow e-signature ID: f31abebe31...
08/04/2020 05:26:15 UTC

## Non-disclosure, Non-competition, Non-solicitation
## and Intellectual Property Agreement

Georgia, in any action or proceeding arising out of or relating to this Agreement, and Employee hereby irrevocably agrees that all claims in respect of any such action or proceeding may be heard and determined in either such court. Employee agrees that a final judgment in any such action or proceeding shall, to the extent permitted by applicable law, be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by applicable law related to the enforcement of judgments. Nothing in this Section shall affect the right of the Employer to bring any action or proceeding against Employee or Employee's property in the courts of other jurisdictions.

15. Employee irrevocably consents to the service of any and all process in any such action or proceeding by the mailing by certified or registered mail of copies of such process to Employee at Employee's address as set forth on the first page of this Agreement. If, for any reason, Employee moves, Employee shall notify Employer, in writing by registered mail at Employer's address as set forth on the first page of this Agreement, of Employee's new address. Such new address shall then be the address for the service of process.

16. The covenants of the Employee set forth herein are of the essence of this Agreement; they shall be construed as independent of any other provision in this Agreement; and, the existence of any claim or cause of action of the Employee against the Employer, whether predicated on this Agreement or not, shall not constitute a defense to the enforcement by the Employer of these covenants.

17. This Agreement shall be construed and enforced in accordance with the laws of the State of Georgia without regard to its conflict of law's provisions and shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors and assigns.

IN WITNESS WHEROF, the parties hereto have executed this Agreement as of the Effective Date.

**EMPLOYEE**

*Robin McDaniel* (signature)   08/04/2020
SignNow e-signature ID: 60e9b4d70d...
Signature                          Date

Robin McDaniel

**OSMOSE UTILITIES SERVICES, INC.**

*Ashley Moss* (signature)   08/04/2020
SignNow e-signature ID: e13ef09115...
Ashley Moss, VP-HR                 Date

Business Development/Sales                        Initial & date  RHM
                                                                  08/04/2020



# Osmose

## Document History
SignNow E-Signature Audit Log

All dates expressed in MM/DD/YYYY (US)

| | |
|---|---|
| Document name: | McDaniel Robin Non-Compete |
| Document created: | 07/31/2020 20:38:47 |
| Document pages: | 4 |
| Document ID: | e70534d88ac64409bfd9a5f44f30539bf90d49d9 |
| Document Sent: | |
| Document Status: | Signed 08/04/2020 16:46:15UTC |

| | |
|---|---|
| Sender: | hrsignnow@osmose.com |
| Signers: | rhmcdaniel10@gmail.com, amoss@osmose.com |
| CC: | jhamlett@osmose.com |

| Client | Event | By | Server Time | Client Time | IP Address |
|---|---|---|---|---|---|
| SignNow Web Application | Uploaded Document | hrsignnow@osmose.com | 07/31/2020 20:38:47 pm UTC | 07/31/2020 20:38:52 pm UTC | 66.17.212.38 |
| SignNow Web Application | Viewed the Document | hrsignnow@osmose.com | 07/31/2020 20:38:54 pm UTC | 07/31/2020 20:39:00 pm UTC | 66.17.212.38 |
| SignNow Web Application | Document Saved | hrsignnow@osmose.com | 07/31/2020 20:44:02 pm UTC | 07/31/2020 20:44:07 pm UTC | 52.201.152.100 |
| SignNow Web Application | Viewed the Document | rhmcdaniel10@gmail.com | 08/04/2020 16:39:22 pm UTC | 08/04/2020 16:39:22 pm UTC | 104.225.172.228 |
| SignNow Web Application | Signed the Document, Signature ID: 23f58d4c44cb4324af3a | rhmcdaniel10@gmail.com | 08/04/2020 16:46:15 pm UTC | 08/04/2020 16:46:09 pm UTC | 104.225.172.228 |
| SignNow Web Application | Signed the Document, Signature ID: aa513d44f1c64b659f85 | rhmcdaniel10@gmail.com | 08/04/2020 16:46:15 pm UTC | 08/04/2020 16:46:09 pm UTC | 104.225.172.228 |
| SignNow Web Application | Signed the Document, Signature ID: f31abebe310a4726b6b9 | rhmcdaniel10@gmail.com | 08/04/2020 16:46:15 pm UTC | 08/04/2020 16:46:09 pm UTC | 104.225.172.228 |
| SignNow Web Application | Signed the Document, Signature ID: e65b10637d7141ff9f7b | rhmcdaniel10@gmail.com | 08/04/2020 16:46:15 pm UTC | 08/04/2020 16:46:09 pm UTC | 104.225.172.228 |
| SignNow Web Application | Signed the Document, Signature ID: 60e9b4d70d4349d3a578 | rhmcdaniel10@gmail.com | 08/04/2020 16:46:15 pm UTC | 08/04/2020 16:46:09 pm UTC | 104.225.172.228 |
| SignNow Web Application | Added a Text | rhmcdaniel10@gmail.com | 08/04/2020 16:46:15 pm UTC | 08/04/2020 16:46:09 pm UTC | 104.225.172.228 |
| SignNow Web Application | Added a Text | rhmcdaniel10@gmail.com | 08/04/2020 16:46:15 pm UTC | 08/04/2020 16:46:09 pm UTC | 104.225.172.228 |
| SignNow Web Application | Added a Text | rhmcdaniel10@gmail.com | 08/04/2020 16:46:15 pm UTC | 08/04/2020 16:46:09 pm UTC | 104.225.172.228 |
| SignNow Web Application | Added a Text | rhmcdaniel10@gmail.com | 08/04/2020 16:46:15 pm UTC | 08/04/2020 16:46:09 pm UTC | 104.225.172.228 |
| SignNow Web Application | Added a Text | rhmcdaniel10@gmail.com | 08/04/2020 16:46:15 pm UTC | 08/04/2020 16:46:09 pm UTC | 104.225.172.228 |
| SignNow Web Application | Added a Text | rhmcdaniel10@gmail.com | 08/04/2020 16:46:15 pm UTC | 08/04/2020 16:46:09 pm UTC | 104.225.172.228 |
| SignNow Web Application | Added a Text | rhmcdaniel10@gmail.com | 08/04/2020 16:46:15 pm UTC | 08/04/2020 16:46:09 pm UTC | 104.225.172.228 |
| SignNow Web Application | Document Saved | rhmcdaniel10@gmail.com | 08/04/2020 16:46:15 pm UTC | 08/04/2020 16:46:09 pm UTC | 104.225.172.228 |
| SignNow Web Application | Viewed the Document | amoss@osmose.com | 08/04/2020 16:49:41 pm UTC | 08/04/2020 16:49:41 pm UTC | 107.77.237.187 |
| SignNow Web Application | Signed the Document, Signature ID: e13ef09115b64f74afde | amoss@osmose.com | 08/04/2020 16:49:52 pm UTC | 08/04/2020 16:49:51 pm UTC | 107.77.237.187 |
| SignNow Web Application | Added a Text | amoss@osmose.com | 08/04/2020 16:49:52 pm UTC | 08/04/2020 16:49:51 pm UTC | 107.77.237.187 |
| SignNow Web Application | Document Saved | amoss@osmose.com | 08/04/2020 16:49:52 pm UTC | 08/04/2020 16:49:51 pm UTC | 107.77.237.187 |
| SignNow Web Application | Document email copy: lcross@osmose.com | hrsignnow@osmose.com | 08/04/2020 17:51:06 pm UTC | 08/04/2020 17:51:11 pm UTC | 52.201.152.100 |
| SignNow Web Application | Viewed the Document | amoss@osmose.com | 08/05/2020 19:42:54 pm UTC | 08/05/2020 19:43:02 pm UTC | 66.17.212.38 |
| SignNow Web Application | Viewed the Document | amoss@osmose.com | 08/05/2020 19:43:13 pm UTC | 08/05/2020 19:43:13 pm UTC | 40.94.35.14 |