IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

OSMOSE UTILITIES SERVICES, )
INC., )
                              )
         Plaintiff,            )       CIVIL ACTION FILE NO:
                              )       3:22-cv-00185-TCB
v.                               )
                              )
ROBIN MCDANIEL,         )
                              )
         Defendant.         )

## <u>CONSENT FINAL ORDER AND PERMANENT INJUNCTION</u>

WHEREAS, Defendant Robin McDaniel ("McDaniel") was previously employed by Osmose Utilities Services, Inc. ("Osmose");

WHEREAS, McDaniel and Osmose are parties to that certain Non-disclosure, Non-competition, Non-Solicitation and Intellectual Property Agreement with Osmose dated August 4, 2020 (the "McDaniel Agreement"), attached hereto as Exhibit "A";

WHEREAS, McDaniel voluntarily terminated her employment with Osmose on October 7, 2022 and subsequently commenced employment with PAR Western Line Contractors, LLC f/k/a Quanta Utilities Engineering Services, Inc. ("QUES");

WHEREAS, Osmose filed this action against McDaniel asserting claims for breach of the non-compete and customer non-solicit contained in the McDaniel

Agreement, misappropriation of Osmose's confidential and trade secret information, and seeking injunctive relief to enjoin McDaniel's violations of her restrictive covenants;

WHEREAS, the parties to this case have reached a settlement, memorialized in a Confidential Settlement Agreement dated April 10, 2023 (the "Settlement Agreement"), attached hereto as Exhibit B. The Settlement Agreement is incorporated herein by reference and made part hereof for all purposes. The Settlement Agreement is to be filed and maintained under seal;

WHEREAS, as part of the settlement, the parties have agreed to request the Court enter this Consent Final Order and Permanent Injunction (the "Consent Order");

WHEREAS, the parties have agreed that this Court will retain exclusive jurisdiction over McDaniel for the purpose of enforcing this Consent Order, the Settlement Agreement, and adjudicating any disputes related to the Consent Order or Settlement Agreement;

WHEREAS, this Consent Order is intended to conclude this case, and shall constitute a Final Order;

WHEREFORE, for good cause shown and with the consent of the parties, as evidenced by the electronic signatures of their counsel below, IT IS HEREBY ORDERED as follows:

1.    <u>McDaniel's restrictive covenants</u>.

<u>McDaniel is hereby ordered to comply with the following:</u>

(a)    <u>McDaniel's position at QUES</u>.

McDaniel is ordered to comply with the obligations and restrictions set forth in Paragraph 3 the Settlement Agreement, which shall constitute an injunction of this Court pursuant Fed. R. Civ. P. 65.

(b)    <u>McDaniel's Noncompete and Customer Non-Solicitation</u>.

Except as modified by the Settlement Agreement or this Order, McDaniel's restrictions under the non-compete covenant contained in Paragraph 3 and the customer non-solicitation covenant contained in Paragraph 4 of the McDaniel Agreement will terminate at midnight,  December 31, 2024 as long as McDaniel is employed by QUES. If McDaniel's employment at QUES is terminated before December 31, 2024, the term of the non-compete covenant contained in Paragraph 3 and the customer non-solicitation covenant contained in Paragraph 4 of the McDaniel Agreement shall revert back to the original two-year term set forth in the McDaniel Agreement and will terminate at midnight, October 7, 2024.

(c)    <u>McDaniel's Continuing Obligations under the McDaniel Agreement</u>.

Except to the extent her non-competition and customer non-solicitation covenants are modified in Paragraph 3 of the Settlement Agreement, McDaniel will further remain bound by the originally agreed to McDaniel Agreement. The above modifications to her non-competition and customer non-solicitation covenants only apply with respect to McDaniel's employment with QUES and McDaniel's conduct and actions taken on behalf of QUES.  If McDaniel leaves employment with QUES, McDaniel will remain bound by the originally agreed to McDaniel Agreement.

2.    <u>Osmose's Trade Secrets and Confidential Information</u>.

McDaniel and anyone acting in concert or participation with her, shall not, directly or indirectly, use or disclose Osmose trade secrets or confidential information (as defined in the McDaniel Agreement).

3.    <u>McDaniel's Acknowledgements</u>.

McDaniel acknowledges and agrees that she was represented by and consulted with counsel in negotiating and agreeing to all terms of this Consent Order and that the Consent Order does not prohibit her from earning a livelihood or restrain her from engaging in a lawful profession, trade or business.

4.    <u>Attorneys' Fees</u>.

Each Party is responsible for its/her own attorneys' fees, expenses, and costs, provided, however, that in the event either Party takes legal action to enforce any obligations of the other Party under this Consent Order, the prevailing Party shall be entitled to recover its/his reasonable attorneys' fees and costs.

5.    <u>Governing Law</u>.

This Consent Order and the restrictions contained herein are exclusively governed and construed in accordance with the laws of the State of Georgia without regard to Georgia's or any other state's choice of law rules.

6.    <u>Final Disposition of Case</u>.

This Consent Order constitutes a final adjudication of the pending motions and claims in this case, and the Clerk is instructed to close this case. The Parties waive any objections to this Consent Order, including the right to appeal, and agree not to challenge this Consent Order in this or any other jurisdiction. The Court retains exclusive jurisdiction over this matter to enforce the terms of the parties' Settlement Agreement and this Consent Order, and to adjudicate any disputes related to the Settlement Agreement or this Consent Order.

**SO ORDERED** this the 13th day of April, 2023.

Timothy C. Batten, Sr.
United States District Court
Northern District of Georgia

5